UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG MAYNARD,

    Plaintiff/Petitioner,

                                               Case No. 07-10155

v.

                                               Honorable Patrick J. Duggan

VICTORIA LYNN MAYNARD,

    Defendant/Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S REQUEST FOR FEES, EXPENSES, AND COSTS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 28, 2007.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

In a March 21, 2007 Opinion and Order, the Court ruled in favor of Plaintiff/Petitioner Craig Maynard ("Petitioner") and ordered the return of the parties' minor children to Australia. Petitioner brought this action pursuant to the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601-11610, which is the implementing legislation for the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"). Presently before the Court is Petitioner's request for fees, expenses, and costs. Petitioner has submitted the affidavits of his attorney, Jan Rewers McMillan, itemizing the fees, expenses, and costs he is requesting.

Defendant/Respondent Victoria Lynn Maynard ("Respondent") has filed a response to Petitioner's request, to which Petitioner has replied. For the reasons that follow, the Court awards $16,302.72 in attorney fees, expenses, and costs.

I.  **Relevant Background**

On January 9, 2007, Petitioner filed a petition for the return of his minor children to Australia.[1] His petition was brought pursuant 42 U.S.C. § 11603, which allows a party seeking return of a minor child under the Hague Convention to initiate a civil action by filing a petition for return in an appropriate court. In the closing paragraph of the March 21, 2007 Opinion and Order, the Court instructed Petitioner to "submit an itemization of the fees and costs he is seeking" within 21 days. (Docket No. 15, 3/21/07 Op. & Or. 17.)

On March 30, 2007, Petitioner submitted the Affidavit of Jan Rewers McMillan and Accounting of Attorney Services and Litigation Expenses (hereinafter "affidavit"), itemizing the fees and expenses he is requesting. In the affidavit, Ms. McMillan, counsel for Petitioner, requests attorney fees in the amount of $30,570.00 (101.90 hours x $300.00 per hour) and expenses in the amount of $1,126.72. Subsequently, on April 12, 2007, Petitioner submitted the Supplemental Affidavit of Jan Rewers McMillan (hereinafter "supplemental affidavit"), requesting "final costs [in the amount of $1606.00] for ground transportation for the two weeks' time [Petitioner] was present in Michigan to prepare for and attend the hearing in this matter and await the decision of this Court." (Supplemental

---

[1] A complete recitation of the factual background of this case can be found in this Court's March 21, 2007 Opinion and Order.

Affidavit ¶ 2.)

On May 2, 2007, Respondent filed her Response to Plaintiff's Request for Attorney Fees and Costs. In the Response, Respondent quotes 28 U.S.C. § 11607(b)(3) and states nothing more than the following: "The award of attorney fees and costs is not mandatory. Here there was a legitimate dispute as to whether there was an agreement made by the Plaintiff to return the children from Australia to the United States. An award of attorney fees would be clearly inappropriate." (Resp. ¶ 2.)

Petitioner filed a reply on June 22, 2007 stating that "Respondent seeks to establish the clear impropriety of an award of fees and costs on the basis of a poorly-substantiated irrelevancy." (Reply at 3.) Moreover, Petitioner clarifies that he "requests that the fees and costs submitted be approved by this Court in their entirety offset only by the funds advanced by the Australian Legal Aid." (*Id.*)

## II. Discussion

### A. Relevant Statutory Provision

The relevant ICARA provision provides in pertinent part:

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b)(3). A "district court has the duty, under 42 U.S.C. § 11607(b)(3),

3

to order the payment of necessary expenses and legal fees, subject to a broad caveat denoted by the words, 'clearly inappropriate.'" *Whallon v. Lynn*, 356 F.3d 138, 140 (1st Cir. 2004). Moreover, "it is clear from [§ 11607(b)(3)] that the respondent has the burden to establish that a fee/expense order would be clearly inappropriate." *Id.*

As an initial matter, this Court does not believe that Respondent has met her burden in establishing that an award of the requested attorney fees, expenses, and costs "would be clearly inappropriate." 42 U.S.C. § 11607(b)(3). Respondent's attempt to rehash the merits of the parties' dispute does not in any way address why the amounts requested by Petitioner "would be clearly inappropriate." *Id.*

Because Defendant does not challenge the attorney fees requested by Plaintiff, either as to the number of hours expended or the reasonableness of the hourly rate, this Court has no basis to conclude that Plaintiff is not entitled to the attorney fees requested. The same is true as to the expenses and costs Plaintiff seeks to recover.

Therefore, the Court will award Petitioner attorney fees in the amount of $30,570.00, (*see* Affidavit, Ex. B), and expenses and costs in the amount of $2,732.72, (*see* Affidavit, Ex. C; Supplemental Affidavit ¶ 3), totaling $33,302.72. As stated in Petitioner's reply, the total amount of attorney fees, expenses, and costs is to be offset by the $17,000 legal assistance grant Petitioner received from the Government of Australia. (*See* McMillan Aff. ¶ 13; Reply Br. at 3.) Thus, Petitioner is awarded attorney fees, expenses, and costs in the amount of $16,302.72.

**IT IS SO ORDERED.**

s/PATRICK J. DUGGAN
                                                            UNITED STATES DISTRICT JUDGE

Copies to:
Jan Rewers McMillan, Esq.
Kenneth E. Prather, Esq.